# UNITED STATES DISTRICT COURT
## OF ARIZONA AT PHOENIX

| | | |
|---|---|---|
| **SUZANNE POWERS,** | § | |
| **Plaintiff** | § | **CA No. _____** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CAROLINE'S TREASURES, INC.,** | § | |
| **RONALD D. RUTHERFORD, JR., and** | § | |
| **WALTER DENNIS KNIGHT** | § | |
| **Defendants** | § | **JURY DEMANDED** |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Suzanne Powers ("Powers" or "Plaintiff"), for her complaint against Defendants, Caroline's Treasures, Inc. ("CTI"), Ronald D. Rutherford, Jr. ("Rutherford"), and Walter Dennis Knight ("Knight") (collectively "Defendants") alleges:

### JURISDICTION/VENUE

1.      Powers' claims for relief arise under common law contract, as well as the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.), and 17 U.S.C. § 1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"). Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338.  Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States.

2.      Further, pursuant to 28 U.S. Code § 1332, there is complete diversity of citizenship of plaintiff and defendants, and the amount in controversy exceeds $75,000.

3.      On information and belief, Defendants have continuously and systematically sold and delivered, or contracted for same with third parties to sell and/or deliver, infringing articles within this judicial district. Moreover, CTI engaged directly with Powers – a citizen of the State

of Arizona – by entering into two agreements in 2002 and again in 2006 which purported to license the works at issue in this matter. The instant claims arise out of and/or result from these transactions. Finally, the exercise of jurisdiction over CTI is reasonable as CTI purposefully availed itself of the benefits and protections of the forum's laws when entering into such license agreements. Thus, venue in this judicial district is proper pursuant to 28 U.S.C. 1400(b) and 28 U.S.C. 1391(b)(2).

**THE PARTIES**

4.      Plaintiff is a citizen of Arizona engaged in the business of graphic illustration who resides in and has a principal place of business in Gold Canyon, Arizona.

5.      CTI is in the business of advertising, marketing, selling, and distributing retail items, and whose principal place of business is in Mobile, Alabama.  CTI's registered agent for service of process is Rutherford. CTI will receive actual notice of this filing by service upon its Registered Agent at the registered address for process, 15 South Monterey Street, Mobile, AL 36604.

6.      Rutherford is an individual residing in Mobile, AL, and who is one of two incorporators of CTI. Rutherford may be served at the registered address of CTI, 15 South Monterey Street, Mobile, AL 36604, where he will receive actual notice of this filing, by personal service of process upon him.

7.      Knight is an individual residing in Louisiana, and who is the other incorporator of CTI along with Rutherford. Knight resides at 1724 Avenue K, Bogalusa, LA 70427-4126, where he will receive actual notice of this filing, by personal service of process upon him.

## INTRODUCTORY FACTS

8.      Powers is a graphic artist, and is the author of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in certain drawings known as "Dogs of the West aka Dog Country," referred to herein as "the protected works," or the "works at issue" (**Exhibit 1**).  Powers owns certain rights in and to eCO number 1-5616072273 issued on July 7, 2017 by the U. S. Registrar of Copyrights in Washington, D.C. for designs deposited with and covered by said pending registration. Powers has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights to these works.

9.      Powers' copyrights in the above-described works are presently valid and subsisting, and were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

## CONTEXTUAL & INFRINGEMENT FACTS

10.      On May 29, 2002, Powers entered into an agreement to license the use of the protected images to CTI (**Exhibit 2**).  Thereafter, she received royalty checks from CTI on a regular basis (**Exhibit 3**, spreadsheet of payments received).

11.      On November 26, 2006, Powers entered into another agreement to license the use of the protected images to CTI (**Exhibit 4**). Thereafter, she received royalty checks from CTI on a somewhat regular basis (see **Exhibit 5**). The last payment received from CTI was dated December 23, 2009.

12.      On June 29, 2017, Powers received an email from a potential customer suggesting that the protected works were on EBay. It was on that day that she first discovered that products bearing her protected works were being offered for sale on EBay. This led Powers to look for

other websites selling goods with her works on them. To her astonishment, her works were being offered for sale on other websites, including but not limited to Walmart, Wayfair, Amazon, Jet.com, Shop.com, Quill.com, and Alibaba.com.

13.     On June 29, 2017, Powers called Rutherford and left 2 messages. Powers expressed shock at having seen her works being sold on the internet, and so she asked about why CTI was using her works without license, and without any notice whatsoever. Neither message was returned.

14.     On Sunday, July 2, 2017, Powers sent an email to Rutherford providing her mailing address, and explaining that neither her email address nor her phone number had changed. Rutherford replied that his *"computer had crashed…"* (**Exhibit 6**).

15.     In mid-July of 2017, Powers' lawyer suggested to Defendants' Counsel that both agreements provided for an accounting, as does the Copyright Act.  Defendants' Counsel replied that *"a report of all sales of products with her images, along with check #1231"* had already been provided, and that Defendants intended to raise the statute of limitations to any lawsuit (**Exhibit 7**).

16.     Thus, in addition to distributing infringing copies of Powers' copyright-protected works to various websites, and manufacturing, advertising, marketing, promoting and/or selling infringing articles, on information and belief, one or more of the Defendants removed the copyright management information ("CMI") from Powers' works. Additionally or alternatively, upon information and belief, Defendants distributed copies of Powers' protected works without Powers' CMI, knowing, or having reasonable grounds to know that such would induce, enable, facilitate, and/or conceal an infringement of Powers' protected works. Moreover, one or more of the individual Defendants had a financial interest in these activities, and/or realized profit attributable to the infringing activities, described above.

## VICARIOUS LIABILITY OF PRINCIPALS

17.     Powers re-alleges and incorporates paragraphs 1 through 16 above as if recited *verbatim*.

18.     Inasmuch as Rutherford and Knight are principals and/or managers of CTI, or otherwise had and yet have the right to control CTI, they had knowledge of the infringing activities, and/or had a financial interest in the infringing activities.

19.     On information and belief, Rutherford and Knight are hands-on decision makers at CTI, and had and yet have an obvious and direct financial interest in the infringing activity.

20.     In addition, the conduct of CTI as described above was performed and accomplished through the direction, control and conduct of Rutherford and Knight personally, as owners, officers, directors and/or managers of CTI.  Rutherford and Knight had the ability to prevent CTI from infringing Powers' works, and/or to stop the infringement once it began. Additionally, on information and belief, as the owners, officers, directors and/or managers of CTI, Rutherford and Knight received pecuniary benefit from CTI's acts of infringement.

21.     Accordingly, Rutherford and Knight are personally liable to Powers as joint and/or contributory infringers, and/or are otherwise vicariously liable for the actions of CTI.

## CAUSES OF ACTION

22.     Plaintiff re-alleges and incorporates, as if set forth herein, paragraphs 1 through 21 above.

23.     Defendants have infringed Powers' copyrights in and to the above-described works by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said works within the United States in violation of the Copyright Act.

24.     Additionally, upon information, and belief, Defendants violated the DMCA by removing Powers' CMI.

25.     In creating, marketing, distributing, and selling of the infringing goods identified above, upon information and belief Defendants intentionally removed and/or omitted Powers' CMI from copies of her works.

26.     Upon information and belief, Defendants distributed copies or derivatives of such works knowing that such CMI had been removed or omitted without authorization.

27.     At the time Defendants removed, replaced, or omitted Powers' CMI from copies of her works, and at the time they distributed copies of the works from which the CMI had been removed, replaced, or omitted, upon information and belief, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Powers' copyrights.

28.     Powers is entitled to and seeks recovery of statutory damages from Defendants not exceeding $25,000 for *each act* committed in violation of his rights under 17 U.S.C. § 1202.

29.     Pursuant to 17 U.S.C. § 1203(b)(5), Powers is entitled and seeks to recover her reasonable attorney's fees.

## CAUSATION/DAMAGES

30.     As a direct and proximate result of Defendants' above-described acts of copyright infringement and DMCA violations, Powers has sustained actual damages in an amount not yet ascertained, but which is believed to be in excess of $100,000.  Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of Defendants' profits attributable to their infringements, and penalties and attorney's fees pursuant to the DMCA as set out in paragraphs 24 - 29 above.

## RELIEF REQUESTED

31.     Powers demands a full accounting by Defendants of their activities relating to the two agreements (as provided therein), as well as with respect to their subsequent infringements of her copyrights in and to the above-described and attached works, as well as their gross profits and income derived therefrom.

32.     Powers is entitled to and seeks to recover actual damages plus the profits of Defendants attributable to the infringements, as well as DMCA penalties not exceeding $25,000 for each act committed of his rights under 17 U.S.C. § 1202.

33.     Powers is entitled to and seeks recovery of her costs, including but not limited to her attorney's fees under the DMCA.

### POWERS DEMANDS JUDGMENT AS FOLLOWS:

34.     Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Powers' copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of her works;

35.     That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all products bearing her works, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of the Defendants;

36.     That Defendants be required, jointly and severally, to pay over to Powers her actual damages sustained, in addition to their profits attributable to the infringements, and which are not considered in computing Powers' actual damages incurred as a result of Defendants' copyright infringements described herein;

37.     That Defendants provide an accounting of all gains, profits and advantages received by them as a result of the two license agreements (Exhibits 2 & 4), as well as recover Powers' attorney's fees should CTI be found to have breached said agreements;

38.     That Defendants provide an accounting of all their gains, profits and advantages attributable to the acts of copyright infringement above-described;

39.     That Defendants jointly and severally be ordered to pay to Powers' her costs including her attorney's fees; *and*

40.     That Powers have such other and further relief as this court shall deem just and proper.

**Plaintiff, Suzanne Powers, demands a jury trial in this cause of action.**


Respectfully submitted,


By:     */s/ Dana A. LeJune*
        Dana A. LeJune
        TBN: 12188250
        6525 Washington Avenue
        Suite 300
        Houston, Texas  77007
        713.942.9898 Phone
        713.942.9899 Facsimile
        dlejune@triallawyers.net